I respectfully dissent from the decision of the majority.
The evidence which the Plaintiffs presented in their case-in-chief was offered to prove their theory that Miami Valley Hospital had breached the duty of care that it owed Mr. Thomas because the times that its personnel took to respond to his signs of distress, as shown by the hospital's own records, was greater than the time required by the standard of conduct necessary to satisfy that duty of care.
Miami Valley Hospital attacked the Plaintiffs' theory in two ways. First, it disputed the accuracy of its own records, on which proof of the alleged variance between actual response time and that required by the standard of conduct that the Plaintiffs sought to prove necessarily depended. Second, the hospital offered evidence suggesting that the "good practice" which the relevant standard of conduct involves is not determined so much by the time of the response as by the value of the measures then taken to meet the patient's needs. The hospital also offered evidence to prove that the measures which it took in this instance constituted "good practice."
The evidence that the Plaintiffs sought to introduce in rebuttal through the testimony of Dr. Fintel would have been offered to rebut the hospital's second defense by demonstrating that the value of the measures which the hospital took nevertheless fell below the standard of conduct necessary to satisfy the duty of care that the hospital owed Mr. Thomas, irrespective of the times involved. That was, in relation to the Plaintiffs' case-in-chief, new matter which they had not offered before, relevant to rebut a matter that was first raised by Miami Valley Hospital in its defense. Therefore, the trial court erred when it denied Plaintiffs the right to present that evidence.Phung v. Waste Mgt., Inc. (1994), 71 Ohio St.3d 408. That error is neither excused nor waived by the fact that the course of events involved was occasioned by the Plaintiffs' ploy to hoist the hospital on the petard of its own records, which backfired.
I would reverse and remand.
Copies mailed to:
David J. DeJong
James T. Ambrose
Neil F. Freund
Mark L. Schumacher
Hon. Dennis J. Langer